C:\LOG\DICT\PI-DM\ GOMEZ-Complaint

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS M. GOMEZ, JR. | § § | |
| v. | § § § | CIVIL ACTION NO. 5:20-cv-1252 |
| DEPUTY BENJAMIN HERNANDEZ, Badge No. 1864, DEPUTY A. TUBERVILLE, Badge No. 226, Individually & in Their Official Capacities as BEXAR COUNTY SHERIFF'S DEPUTIES and SERGEANT D. BARRERA, Individually & in His Official Capacity as a Sergeant of the BEXAR COUNTY SHERIFF'S OFFICE | § § § § § § § § § § | |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

This action is brought pursuant to 42 U.S.C. Section 1983, 1988 and the 8th Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Section 1331 and 1341 (1)(2)(3) and the aforementioned statutory and constitutional provisions. Plaintiff invokes the pendent jurisdiction of this court to hear and decide claims arising under state law. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) excluding interest or cost.

### PARTIES AND SERVICE

1.      Plaintiff, **LUIS M. GOMEZ, JR.**, is a citizen of the United States and the State of Texas and resides in San Antonio, Bexar County, Texas. The Plaintiff, **LUIS M. GOMEZ, JR.**, (hereinafter referred to as "Plaintiff" or "GOMEZ"), and is presently before the Court for all purposes.

2.     Defendant, **Deputy BENJAMIN HERNANDEZ, Badge No. 1864** (hereinafter referred to as "Defendant Hernandez" or "Deputy Hernandez"), individually and in his official capacity as a Sheriff's Deputy for the Bexar County Sheriff's Office, is a resident of the State of Texas. The Defendant may be served with process at the Bexar County Sheriff's Office located at 200 N. Comal St., San Antonio TX 78207.

3.     Defendant, **Deputy A. TUBERVILLE, Badge No. 226** (hereinafter referred to as "Defendant Tuberville" or "Deputy Tuberville"), individually and in his official capacity as a Sheriff's Deputy for the Bexar County Sheriff's Office, is a resident of the State of Texas. The Defendant may be served with process at the Bexar County Sheriff's Office located at 200 N. Comal St., San Antonio TX 78207.

4.     Defendant, **Sergeant D. BARRERA** (hereinafter referred to as "Defendant BARRERA" or "Sgt. BARRERA"), individually and in his official capacity as a Sergeant for the Bexar County Sheriff's Office, is a resident of the State of Texas. The Defendant may be served with process at the Bexar County Sheriff's Office located at 200 N. Comal St., San Antonio TX 78207.

## JURISDICTION

5.     The action arises under 42 U.S.C. 1983, 1988 and the 8th Amendment to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Section 1331 and 1341 (1)(2)(3).

6.     This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a), because they arise out of the same case or controversy.

## NATURE OF ACTION

7.     This is an action under Title 42 U.S.C. Section 1983, 1988 and the 8th Amendment to the United States Constitution. The Bexar County Deputies in question have used excessive force against the Plaintiff. Plaintiff further contends that the actions of **DEPUTY HERNANDEZ** and **DEPUTY TUBERVILLE** wherein they beat Plaintiff, constituted the unreasonable use of excessive physical force.

## FACTS CONCERNING ARREST

8.  On October 25, 2018, Bexar County Sheriff's Deputy **BENJAMIN HERNANDEZ** and **Deputy A. TUBERVILLE** were on patrol and spotted Plaintiff's vehicle. Plaintiff initially attempted to avoid being pulled over by the arresting deputies. Mr. Gomez was traveling in his vehicle and came to a point where he could no longer proceed in his vehicle, whereupon he exited his vehicle and ran. Defendants **HERNANDEZ** and **TUBERVILLE** then caught up with Mr. Gomez and they began to assault him. The arrest of Plaintiff **GOMEZ** was ultimately conducted with excessive force, causing permanent injury to Plaintiff in violation of the 8th Amendment to the United States Constitution. Plaintiff was initially charged with Aggravated Assault with a Deadly Weapon; that case was eventually dismissed on January 29, 2020.

9.  During the arrest of Plaintiff, Defendants **HERNANDEZ** and **TUBERVILLE** used excessive force against the Plaintiff and due to the severe injuries received from the assault, Plaintiff spent approximately 3 days in the hospital. During the 3-day hospitalization, Plaintiff was diagnosed with bleeding on the brain as a result of the trauma inflicted by the arresting officers.

10. Ultimately, Plaintiff pled Nolo Contendere to Evading Arrest/Detention with a Vehicle, and was placed on 8 years of probation.

11. Plaintiff is uncertain as to the number of deputies who actually assaulted him. This is due to the fact that Plaintiff was beat so severely that he lost consciousness at times. As a result of his injuries, Plaintiff has sustained significant damages, and incurred substantial medical bills for treatment of his injuries.

12. It is believed, upon knowledge and belief, that Sergeant **BARRERA** participated in the beating of the Plaintiff as Sergeant **BARRERA** eventually transported the Plaintiff to the hospital.

13. Plaintiff would show that the Defendants acted as judge and jury in deciding to inflict upon Plaintiff the assault which caused the Plaintiff to incur substantial injuries. The conduct of the officers in question amounted to cruel and unusual punishment in that they severely beat the Plaintiff.

## PLAINTIFF'S CLAIM OF EXCESSIVE USE OF FORCE

14. Plaintiff, **LUIS M. GOMEZ, JR.**, would show that the physical force used against him was excessive in that it was not necessary to compel him to comply with the Defendants' orders. The use of force against Plaintiff was unnecessary and excessive. The Defendants used unnecessary force against the Plaintiff without justification, and used excessive force when such use was not necessary.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15. Defendants intentionally caused emotional distress to Plaintiff. Defendants' conduct was extreme and outrageous, and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages due to the severe beating and conduct of the Defendants for which Plaintiff hereby sues. Plaintiff would specifically show that the acts of the deputies in conducting the assault upon Plaintiff were done so with the intent to violate Plaintiff's right against cruel and unusual punishment.

## DAMAGES

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe personal injuries.

17. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described herein above:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein, and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past;

d. Physical pain and suffering in the future;

e. Physical impairment in the past;

f. Physical impairment which, in all reasonable probability, will be suffered in the future;

g. Humiliation;

h. Emotional pain;

I. Inconvenience;

j. Loss of enjoyment of life;

k. Loss of mental function;

l. Disfigurement in the past;

m. Disfigurement in the future;

n. Mental anguish in the past;

o. Mental anguish in the future;

p. All reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff;

q. Expert fees as the Court deems appropriate;

r. All reasonable and necessary costs incurred in pursuit of this lawsuit; and,

s. Prejudgment interest and Post-judgment interest.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, Judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; attorney's fees; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

LAW OFFICES OF GREGORY W. CANFIELD, P.C.

_____
GREGORY W. CANFIELD
State Bar No. 03741400
888 Isom Road, Suite 203
San Antonio TX 78216
Tel. (210) 344-3366
Fax (210) 344-5951
Email: gwcanfieldatty@aol.com
*ATTORNEY FOR PLAINTIFF*

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**